UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK C. MATLOCK and
CELESE M. MATLOCK F/K/A
CELESE M. RAY,

    Plaintiffs,    Case No. 16-cv-10873
              Hon. David M. Lawson
-vs-            Mag. Judge Stephanie Dawkins Davis

WELLS FARGO BANK, N.A.,
successor by merger to Wells Fargo
Home Mortgage, Inc.,


    Defendant.
_____/

## WELLS FARGO BANK'S MOTION TO DISMISS

NOW COMES Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., by and through counsel, and for those reasons set forth in greater detail in the attached brief, requests this Court to grant its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. requests this Court to grant its Motion to Dismiss this action.

              Respectfully submitted,

Date: March 17, 2016      /s/ Elizabeth M. Abood-Carroll
              Timothy B. Myers (P48152)
              Elizabeth M. Abood-Carroll (P46304)
              Attorneys for Defendant
              1650 W. Big Beaver Road
              Troy, MI 48084
              248 502 1340

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK C. MATLOCK and
CELESE M. MATLOCK F/K/A
CELESE M. RAY,

        Plaintiffs,

-vs-

WELLS FARGO BANK, N.A.,
successor by merger to Wells Fargo
Home Mortgage, Inc.,

        Defendant.
_____/

Case No. 16-cv-10873
Hon. David M. Lawson
Mag. Judge Stephanie Dawkins Davis

## BRIEF IN SUPPORT OF

## WELLS FARGO BANK'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

Statement of Issues……………………………………………………………..4

Index of Authorities…………………………………………………………….5

Statement of Concurrence……………………………………………………..6

Brief in Support

        Introduction…………………………………………………………….7

        Statement of Facts……………………………………………………..7

        Standard of Review……………………………………………………9

        Argument

        I. Plaintiffs fail to state a claim for any violation of RESPA……………………10

        II. Plaintiffs are not entitled to have the sheriff's deed set aside………………..14

Conclusion……………………………………………………………………..16

Relieve Requested……………………………………………………………...17

Index of Exhibits……………………………………………………………….18

## **STATEMENT OF ISSUES**

Whether Plaintiffs have stated a claim upon which relief can be granted for violation of 12 CFR §1024.41(g)?

>Defendant states NO.

>Plaintiffs presumably states YES.

Whether Plaintiffs have stated a claim upon which relief can be granted that permits them to set aside the sheriff's deed, where RESPA provides only for an award of money damages?

>Defendant states NO.

>Plaintiffs presumable state YES.

## STATEMENT OF CONCURRENCE

Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., (hereinafter "Wells Fargo Bank") complied with L.R. 7.1(a)(2)(B) by making a reasonable effort to conduct a conference with Plaintiffs to seek concurrence to this Motion to Dismiss Plaintiffs' Complaint. On March 15, 2016, and March 16, 2016, Defendant's counsel placed telephone calls to Plaintiff's counsel and left detailed voicemail messages that explained the basis for this Motion. No responses to the voicemail messages were received. On March 16, 2016, Defendant's counsel sent a letter via electronic mail and regular mail to Plaintiff's counsel explaining that a Motion to Dismiss Plaintiffs' Complaint will be filed. Accordingly, concurrence to this Motion was sought but not received.

## INTRODUCTION

This action involves two former borrowers who challenge a residential mortgage foreclosure. Plaintiffs' Complaint asserts only one count which is based on an alleged violation of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs contend that they were wrongfully denied a loan modification in violation of RESPA, and ask the Court to award them statutory and actual damages, attorney fees, and to further set aside the sheriff's deed on the subject property.

## STATEMENT OF FACTS

On July 3, 2003, Plaintiffs granted a mortgage to The Prime Financial Group, Inc. The Mortgage granted a security interest in the real property commonly known as 4964 Lannoo Street, Detroit, Michigan 48236 ("Property"). The mortgage was recorded with the Wayne County Register of Deeds on August 27, 2003, in Liber 38916, Page 524. **Exhibit 1, Mortgage**. The Mortgage was assigned from The Prime Financial Group, Inc. to Wells Fargo Home Mortgage, Inc. via a Corporation Assignment of Real Estate Mortgage recorded on August 27, 2003, in Liber 38916, Page 531 of Wayne County Records. **Exhibit 2, Assignment of Mortgage.**

Plaintiffs defaulted on the terms of their mortgage and foreclosure proceedings were commenced pursuant to the power of sale contained in the Mortgage. Foreclosure proceedings were commenced in accordance with MCL §600.3201 *et seq.* A notice of foreclosure was published in the Detroit Legal News on May 29, June 5, June 12, and June 19, 2015. **Exhibit 3, Sheriff's Deed with Affidavit of Publication.** Also, a foreclosure notice was posted on the property on May 30, 2015. **Exhibit 3, Sheriff's Deed with Affidavit of Posting.** The foreclosure sale

was held on July 2, 2015, at which time Defendant was the highest bidder. **Exhibit 3, Sheriff's Deed**.

On January 2, 2016, the six month statutory redemption period expired without Defendant receiving any redemption funds. With no redemption being made, title to the subject property vested with Defendant on January 3, 2016, by operation of law.

Following the expiration of the redemption period, Defendant commenced summary proceedings on January 26, 2016, in the State of Michigan 36th Judicial District Court, case no. 16301383, seeking possession of the property. **Exhibit 4, Summons and Complaint to Recover Possession of Property.** In the meantime, Plaintiffs had filed a Complaint in the State of Michigan Circuit Court for the County of Wayne, case no. 16-000992-CH, on January 25, 2016, seeking to challenge the foreclosure under 12 CFR §1024.41. **Exhibit 5, Plaintiffs' Complaint.** Defendant removed it to this Court. On February 25, 2016, the eviction proceedings were stayed pending the outcome of the instant action. **Exhibit 6, Adjournment Order**.

For its initial responsive pleading to Plaintiffs' Complaint, Defendant submits this Motion to Dismiss. Prior to filing this Motion to Dismiss, Defendant's counsel placed telephone calls and left voicemail messages to Plaintiff's counsel on March 15 and March 16, 2016, seeking concurrence to the relief being sought herein. No response was received. On March 16, 2016, Defendant's counsel sent Plaintiffs' counsel a letter to inform Plaintiffs that relief from the court will be sought. **Exhibit 7, Letter to Plaintiffs' counsel**.

For the reasons that follow, this action must be dismissed under Fed R Civ P 12(b)(6).

8

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted. The standard of review for Rule 12(b)(6) was set forth by the United States Court of Appeals for the Sixth Circuit as follows:

> The court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. [*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(citations omitted)].

The Sixth Circuit has noted that under the United States Supreme Court's heightened pleading standard laid out in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank (In re Estate of Barney)*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotation marks and citations omitted). The court in *Estate of Barney* goes on to state that, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard

9

does ask for more than a sheer possibility that a defendant has acted unlawfully." *Id. (citing Iqbal*, 556 U.S. at 678).

The Sixth Circuit has recognized that a "document that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citation omitted). In a motion to dismiss, a court may also rely upon matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that in deciding a motion to dismiss a court may consider, "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.").

## ARGUMENT

The Plaintiffs' Complaint alleges that Wells Fargo Bank violated RESPA when it failed to properly review them for a loan modification. The main relief Plaintiffs seek is to set aside the sheriff's deed.

### I. Plaintiffs fail to state a claim for any violation of RESPA.

Plaintiffs' Complaint contains only one count which alleges wrongful foreclosure. The only legal authority on which Plaintiffs rely is 12 CFR §1024.41(g). (See **Exhibit 9, ¶¶16-21**). A violation of 12 CFR §1024.41 is enforceable under the Real Estate Settlement Procedures Act ("RESPA") 12 USC §2605(f). 12 CFR §1024.41(a).

This lawsuit contends that Defendant violated RESPA because Plaintiffs allegedly submitted a loss mitigation package but never received a formal decision with respect to their application. **Exhibit 5, ¶ ¶ 17-18.** Specifically, Plaintiffs claim that Defendant violated 12 CFR § 1024.41. **Exhibit 5, ¶ 16.** A copy of this regulation is attached as **Exhibit 8**. The referenced section provides:

> (a) Enforcement and limitations. A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f)). **Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option**. Nothing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to applicable law. [Emphasis added.]

Violations of 12 CFR §1024.41 are enforceable through 12 USC §2605(f), which is the damages provision for RESPA and is limited to money damages. Any damages and costs available under 12 USC §2605(f) for individuals shall be limited as follows:

> (f) Damages and costs. Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
> (1) Individuals. In the case of any action by an individual, an amount equal to the sum of--
>     (A) any actual damages to the borrower as a result of the failure; and
>     (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $ 2,000.

In *Servantes v. Caliber Home Loans, Inc.*, 14-13324, 2014 US Dist LEXIS 170667, * 2 (E.D., Dec. 10, 2014), the Court stated the following in dismissing the Complaint:

> Finally, the Court dismisses count three, alleging that Defendant violated the Real Estate Settlement Procedures Act (RESPA) by prematurely abandoning the loss mitigation process with Plaintiffs in violation of 12 C.F.R. § 1024.39-41, because the principal relief sought by Plaintiffs — to stay or set aside the sheriff's sale or, alternatively, to permit the matter to proceed to judicial foreclosure — is

11

> unavailable to them under RESPA. *See* 12 C.F.R. § 1024.41 (providing that the provisions this section may be enforced under 12 U.S.C. § 2605(f)); 12 U.S.C. § 2605(f) (authorizing monetary damages only; specifically, actual damages resulting from RESPA violation and, in the case of "a pattern or practice of noncompliance," statutory damages not to exceed $2000). To the extent Plaintiffs may wish to proceed with a RESPA claim for monetary damages only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations of 12 C.F.R. § 1024.39-41 resulted in actual damages, *see Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D. Mich. 2011) (to successfully plead RESPA violation under § 2605(f), plaintiff must allege actual damages resulting from the RESPA violation), and Plaintiffs have not pled "a pattern or practice of noncompliance."

**Exhibit 9**. See also, *Houston v. US Bank Home Mortgage Wisconsin Servicing*, 505 Fed Appx 543, 546 n.3 (6th Cir. Nov. 20, 2012)("It is not clear whether Houston still seeks to set aside her foreclosure, or whether she seeks merely compensatory damages for the sale. RESPA permits actual damages, plus costs and attorneys fees, as a remedy in this instance, but it does not contemplate that a court could set aside a sale."). **Exhibit 10.** RESPA does not authorize a remedy of setting aside the sheriff's sale.

In their Complaint, paragraph 16, Plaintiffs specifically allege Defendants violated subsection (g) of 12 CFR §1024.41 which states:

> (g) Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

12

To have a violation of 12 CFR §1024.41(g) a borrower must have submitted a <u>complete</u> loss mitigation application <u>after</u> a servicer has made the first notice of foreclosure <u>but more than 37 days before the foreclosure sale</u>. Not only is it important to have submitted a complete loss mitigation application, the timing of the submission is absolutely crucial under this regulation.

A review of Plaintiff's Complaint shows no allegations that Plaintiffs actually submitted a complete loss mitigation application. **Exhibit 5.** Further, Plaintiffs' Complaint does not allege that they submitted a complete loss mitigation application <u>after</u> the first foreclosure notice was made but more than 37 days before the foreclosure sale. *Id.*

Plaintiffs' Complaint alleges that "[i][n or around the fall of 2014, Plaintiffs began the process of attempting to qualify for a mortgage loan modification with Wells Fargo." **Exhibit 5, ¶ 8.** Plaintiffs never state if and when they submitted a complete loss mitigation application.

More importantly, the first foreclosure notice was published on May 29, 2015, and the sale occurred on July 2, 2015. **Exhibit 3, Sheriff's Deed and Affidavit of Publication.** There were only 33 days between the time of the first foreclosure notice and the foreclosure sale. Even if Plaintiffs had submitted a complete loss mitigation application after the first foreclosure notice, it would not have been submitted more than 37 days before the sale. Accordingly, Plaintiff will be unable to prove a violation of 12 CFR §1024.41 (g),

Because Plaintiff will be unable to prove a violation of 12 CFR §1024.41(g), their Complaint should be dismissed for failing to state a claim upon which relief can be granted.

## II. Plaintiff is not entitled to have the sheriff's deed set aside or damages.

The second issue presented in Plaintiffs' Complaint is whether they are entitled to have the sheriff's deed set aside or damages.

As a starting point for this issue, even if Plaintiffs were to prevail on their underlying RESPA claim, they would not be entitled to have the sheriff's deed set aside. 12 CFR §1024.41(a) states that a borrower may enforce any violations of the regulation pursuant to 12 USC §2605(f) of RESPA. The enforcement provision of 12 USC 2605(f) provides that,

> (f) Damages and costs. Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
> (1) Individuals. In the case of any action by an individual, an amount equal to the sum of—
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $ 2,000.

This statute permits a borrower to obtain relief for money damages—either in the form of actual damages or $2,000—plus attorney fees and costs. There is nothing in RESPA that allows a borrower to have a sheriff's deed set aside, and this part of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim.

This relief is also properly denied for the additional reason that they no longer hold a sufficient interest in the property to make this claim. Plaintiffs admit that the property sold at sheriff's sale on July 2, 2015. **Exhibit 5, ¶ 12.** Plaintiffs do not allege

that the six month redemption period has been tolled or otherwise remains open. Further, Plaintiffs do not allege that they exercised their right of redemption.

Pursuant to MCL §600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL §600.3236.

If a mortgagor fails to avail him or herself of the right of redemption, **all the mortgagor's rights in and to the property <u>are extinguished</u>**. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942).

> In April 2014, the Michigan Court of Appeals held that
>
> The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity. Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.
>
> Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished.
>
> [O]nce the redemption period expired, [plaintiff's] rights in and to the property were extinguished. . . . Because [plaintiff] had no interest in the subject matter of the controversy [by virtue of *MCL 600.3236*], he lacked standing to assert his claims challenging the foreclosure sale.

*Bryan v. JP Morgan Chase Bank*, 304 Mich App 708, 714; 848 NW2d 482 (2014) (citations and quotation marks omitted).

15

*Bryan* is consistent with *Conlin v. Mortg. Elec. Reg. Systems, Inc.*, 714 F.3d 355 (6th Cir. 2013), where the court noted that following the lapse of the statutory redemption period, a court cannot set aside a foreclosure unless the plaintiff-mortgagor has made a clear showing of fraud, or irregularity. The court stated that it is clear that not just any type of fraud will suffice, <u>the misconduct must relate to the foreclosure procedure itself</u>. *Id.* at 360. There is no allegation in Plaintiffs' Complaint that meets <u>any</u> of the criteria established by *Bryan* or *Conlin*. Rather, Plaintiffs are attempting to bootstrap this relief onto the RESPA claim, which is entirely improper since that statute provides only for money damages.

In terms of monetary damages, Plaintiffs' Complaint also fails to state a claim upon which relief can be granted. 12 USC §2605(f) allows for "actual" damages as a result of the failure. Here, Plaintiffs' Complaint does not allege they incurred any actual damages as a result of the alleged violation of 12 CFR §1024.41(g). **Exhibit 5.**

## CONCLUSION

Plaintiffs will be unable to prove a violation of 12 CFR 1024.41(g). Even if Plaintiffs could prove a violation of the regulation, they would not be entitled to set aside the sheriff's deed which is the main relief they seek. Lastly, Plaintiffs fails to allege they incurred actual damages or are entitled to additional damages under 12 USC 2605(f). For these reasons, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## **RELIEF REQUESTED**

WHEREFORE, Defendant Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., requests this Court grant its Motion to Dismiss Plaintiffs' Complaint, pursuant to Fed R Civ P 12(b)(6).

> Respectfully submitted,
>
> */s/ Elizabeth M. Abood-Carroll*
> Timothy B. Myers (P48152)
> Elizabeth M. Abood-Carroll (P46304)
> Attorneys for Defendant
> 1650 W. Big Beaver Road
> Troy, MI 48084
> 248 502 1340

Dated: March 17, 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK C. MATLOCK and
CELESE M. MATLOCK F/K/A
CELESE M. RAY,

        Plaintiffs,

-vs-

WELLS FARGO BANK, N.A.,
successor by merger to Wells Fargo
Home Mortgage, Inc.,

        Defendant.

Case No. 16-cv-10873
Hon. David M. Lawson

---

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Wells Fargo Bank's Motion to Dismiss and this Certificate of Service was filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Joshua Charles Castmore, Esq.

I declare under the penalty of perjury that the above statement is true to the best of my information, knowledge and belief.


Dated: March 17, 2016

/s/ Melissa Babinski
Melissa Babinski